IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES M. LONG, JR.,<br>Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. PWG-16-1259 |
| JUDGE SALLY CHESTER,<br>Defendant. | * | |

*****

## MEMORANDUM

On April 25, 2016, James Long, Jr., a state inmate confined at the Maryland Correctional Training Center, filed this 42 U.S.C. § 1983 civil rights complaint against Baltimore County District Court Judge Sally Chester. Long alleges the Judge Chester wrongfully convicted him on February 8, 2016, and sentenced him to a three-year term. He contends that although his public defender "cleared" him, Judge Chester yelled at the public defender for "catching the officers in their lies when testifying against [him]." He claims that he was convicted "with no evidence. Just my past record convictions." Compl. 3, ECF No. 1. Long seeks unspecified compensatory damages against Judge Chester. *Id.* Because he appears indigent, Long's motion for leave to proceed *in forma pauperis* shall be granted.

The *in forma pauperis* statute requires the district court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Because Long is proceeding *in forma pauperis*, the court must conduct a *sua sponte* screening of his complaint. *See id.* This § 1983 action is subject to dismissal

To the extent that Long seeks damages against Judge Chester, she is immune from liability. It is well-established that judges, in exercising the authority vested in them, are absolutely immune from civil lawsuits for money damages. *See Mireles v. Waco,* 502 U.S. 9, 9–10 (1991) (per curiam)

---
 
("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *see also Mandel v. O'Hara*, 576 A.2d 766, 768 (Md. 1990) ("Absolute 'immunity protects ... judges ... so long as their acts are "judicial" ... in nature and within the very general scope of their jurisdiction.'"). Judicial immunity applies to judicial action taken in error, done maliciously, or in excess of authority. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Essentially, a judge is entitled to absolute immunity if the judge acted in her judicial capacity and had jurisdiction over the subject matter. *See King v. Myers*, 973 F.2d 354, 356–57 (4th Cir. 1992). Accordingly, a plaintiff alleging a claim for money damages against a judge can overcome absolute judicial immunity only by showing (1) the judge's actions were taken outside of the judge's judicial capacity or (2) the judge acted in the complete absence of jurisdiction. *Id.* Long cannot make such a showing. For the reasons set out herein, the complaint shall be summarily dismissed by separate Order.

Date: May 12, 2016

_____
Paul W. Grimm
United States District Court Judge

2